# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PHILLIP SULLIVAN, JR., on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>BH MEDIA GROUP, INC.,<br><br>    Defendant. | No. 1:17-cv-8139-GBD |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Of Counsel:

Kevin M. Bell
Caroline C. Maxwell
PORZIO, BROMBERG & NEWMAN P.C.
1200 New Hampshire Ave. NW
Washington, DC 20036
(202) 517-1888
(202) 517-6322 (fax)

Dated: December 20, 2017

Richard J. Oparil (RO9269)
PORZIO, BROMBERG & NEWMAN P.C.
1200 New Hampshire Ave. NW
Washington, DC 20036
(202) 517-1888
(202) 517-6322 (fax)

Attorneys for Defendant
BH Media Group, Inc.

**TABLE OF CONTENTS**

BACKGROUND ...........................................................................................................................1

ARGUMENT .................................................................................................................................2

I.  THE COURT LACKS PERSONAL JURISDICTION OVER BH MEDIA. .......................2

   A.  The Court Lacks General Jurisdiction Over BH Media............................................3

   B.  The Court Lacks Specific Jurisdiction Over BH Media. .........................................5

      1.  The Court Lacks Specific Jurisdiction Under CPLR § 302(a)(1)................6

      2.  The Court Lacks Specific Jurisdiction Under CPLR § 302(a)(2)................8

      3.  The Court Lacks Specific Jurisdiction Under CPLR § 302(a)(3)................9

      4.  The Court Lacks Specific Jurisdiction Under CPLR § 302(a)(4)..............10

II.  VENUE IS IMPROPER. ....................................................................................................10

CONCLUSION............................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Accurate Grading Quality Assurance, Inc. v. Khothari*,
    2014 WL 507356 (S.D.N.Y. Sept. 30, 2014)..................................................................3

*Aqua Prods. Inc. v. Smartpool, Inc.*,
    2005 WL 1994013 (S.D.N.Y. Aug. 18, 2005)................................................................6, 7

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
    305 F.3d 120 (2d Cir. 2002)...........................................................................................3

*BNSF Ry. Co. v. Tyrrell*,
    137 S. Ct. 1549 (2017)...................................................................................................4

*Citigroup Inc. v. City Holding Co.*,
    97 F. Supp. 2d 549 (S.D.N.Y. 2000)..............................................................................6, 7

*Cont'l Indus. Group v. Equate Petrochemical Co.*,
    586 Fed. Appx. 768 (2d Cir. 2014)................................................................................4

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2014)...................................................................................................3, 4

*Decesare v. McClatchy Co.*,
    No. 13-cv-4429 (E.D. Pa. Apr. 8, 2014).......................................................................4

*DH Servs., LLC v. Positive Impact, Inc.*,
    2014 WL 496875 (S.D.N.Y. Feb. 5, 2014)...................................................................2, 9

*Erickson Prods., Inc. v. Atherton Trust*,
    2013 WL 1163346 (S.D.N.Y. March 23, 2013) ..........................................................3, 6

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    131 S. Ct. 2846 (2011)...................................................................................................4

*Gucci America, Inc. v. Li*,
    768 F.3d 122 (2d Cir. 2014)...........................................................................................4

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984).......................................................................................................6

*Jazini v. Nissan Motor Co., Ltd.*,
    148 F.3d 181 (2d Cir. 1998)...........................................................................................2

*Knight-McConnell v. Cummins*,
    2005 WL 1398590 (S.D.N.Y. June 13, 2005) ...........................................................................8

*Pablo Star Ltd. v. Welsh Gov't*,
    170 F. Supp. 3d 597 (S.D.N.Y. 2016) (Oetken, J.) .........................................................3, 4, 5, 8

*Penguin Grp. (USA) Inc. v. Am. Buddha*,
    609 F.3d 30 (2d Cir. 2010) ......................................................................................................2

*Philpot v. Kos Media LLC*,
    2017 WL 2270248 (S.D.N.Y. April 21, 2017) ..............................................................5, 6, 7

*Reich v. Lopez*,
    38 F. Supp. 3d 436, 454 (S.D.N.Y. 2014) ...............................................................................2

*Royalty Network Inc. v. Dishant.com LLC*,
    638 F. Supp. 2d 410 (S.D.N.Y. 2009) .....................................................................................9

*Schultz v. Safra Nat'l Bank of New York*,
    377 F. App'x 101 (2d Cir. 2010) .............................................................................................3

*Shostack v. Diller*,
    2016 WL 958687 (S.D.N.Y. Mar. 8, 2016) .............................................................................2

*Southern New England Tel. Co. v. Global NAPS Inc.*,
    624 F.3d 123 (2d Cir. 2010) ....................................................................................................2

*Whitaker v. Am. Telecasting, Inc.*,
    261 F.3d 196 (2d Cir. 2001) ....................................................................................................2

*Wiwa v. Royal Dutch Petroleum Co.*,
    226 F.3d 88 (2d Cir. 2000) ......................................................................................................3

*Zibiz Corp. v. FCN Tech. Solutions*,
    777 F. Supp. 2d 408 (E.D.N.Y. 2011) .....................................................................................7

**Statutes**

28 U.S.C. § 1391(b) ........................................................................................................................10

42 U.S.C. § 12181, *et seq*. ...............................................................................................................1

CPLR § 302 .......................................................................................................................................3

CPLR § 302(a) ..............................................................................................................................5, 6

CPLR § 302(a)(1) ..........................................................................................................................6, 8

CPLR § 302(a)(2) ..............................................................................................................................8

3833056

CPLR § 302(a)(3) ............................................................................................................................9

CPLR § 302(a)(3)(i).........................................................................................................................9

CPLR § 302(a)(3)(ii)........................................................................................................................9

CPLR § 302(a)(4) ..........................................................................................................................10

N.Y. Exec. Law § 290 *et seq.* ........................................................................................................1

**Rules**

Fed. R. Civ. P. 12(b)(2)...................................................................................................................2

Fed. R. Civ. P. 12(b)(2) and (3) ......................................................................................................1

**Regulations**

N.Y.C. Admin. Code § 8-101 *et seq.* .............................................................................................1

Defendant, BH Media Group, Inc. ("BH Media"), moves to dismiss the Complaint filed by plaintiff, Phillip Sullivan Jr. ("Sullivan"), for himself and others. Dkt. No. 1. The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) and (3) because the Court lacks personal jurisdiction and venue over BH Media.

## BACKGROUND

BH Media is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Omaha, Nebraska. Decl. of Duane Polodna ("Polodna Decl.") ¶ 3; Decl. of Robert Jiranek ("Jiranek Decl.") ¶ 3. BH Media is not registered to do business in New York. Polodna Decl. ¶ 3. BH Media does not maintain an office in New York, does not solicit business targeting New York consumers, does not maintain any bank accounts in New York, does not own, use or possess any real property in New York, and does not have employees or agents in New York. *Id*. ¶ 6. Plaintiff alleges that BH Media owns and operates a website at www.dailyprogress.com, "a news source providing information about current events, politics, sports, and weather updates." Complaint ¶¶ 1, 27. The Website identified by Plaintiff, www.dailyprogress.com, refers to The Daily Progress, a newspaper in Charlottesville, Virginia owned by BH Media with circulation in the Commonwealth of Virginia. *Id*. ¶¶ 4-5; Jiranek Decl. ¶¶ 3-5. The Daily Progress website only has eight digital subscribers from New York. Jiranek Decl. ¶¶ 5, 7.

The Complaint further alleges that BH Media has violated the Americans with Disabilities Act (42 U.S.C. § 12181, *et seq*. ("ADA")) and New York's State and local human rights laws (N.Y. Exec. Law § 290 *et seq*.; N.Y.C. Admin. Code § 8-101 *et seq*. for its failure to include closed captioning on its website videos for individuals who are deaf or hard of hearing. Complaint ¶¶ 42-101. The Complaint makes conclusory allegations that Plaintiff "established

minimum contacts in the forum state" because Plaintiff "attempted to watch videos on the Website owned and operated by Defendant in New York County, New York." *Id.* ¶ 12.

## ARGUMENT

### I.   THE COURT LACKS PERSONAL JURISDICTION OVER BH MEDIA.

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(2) because the Court does not have personal jurisdiction over BH Media. "The plaintiff bears the burden of establishing that the court has jurisdiction over the defendant when served with a Rule 12(b)(2) motion to dismiss." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). Prior to the holding of an evidentiary hearing, the plaintiff is required to make a "*prima facie* showing" of personal jurisdiction from the pleadings and affidavits. *Id.* (quoting *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998)). "Conclusory allegations will not suffice to meet this burden; plaintiff must make a 'specific averment' of facts that are 'sufficiently supported.'" *DH Servs., LLC v. Positive Impact, Inc.*, 2014 WL 496875, *2 (S.D.N.Y. Feb. 5, 2014) (citing *Southern New England Tel. Co. v. Global NAPS Inc.*, 624 F.3d 123, 138 (2d Cir. 2010)).

The Court should engage in a two-step inquiry to determine whether it has personal jurisdiction over a defendant. In diversity cases, "the breadth of a federal court's personal jurisdiction is determined by the law of the state in which the district court is located." *Reich v. Lopez*, 38 F. Supp. 3d 436, 454 (S.D.N.Y. 2014) (alterations omitted). "In litigation arising under federal statutes that do not contain their own jurisdictional provisions, such as the [ADA] under which suit is brought in the case at bar, federal courts are to apply the personal jurisdiction rules of the forum state." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010), certified question accepted, 15 N.Y.3d 744, 933 N.E.2d 205 (2010), and certified question answered, 16 N.Y.3d 295, 946 N.E.2d 159 (2011); *see also Shostack v. Diller*, 2016 WL 958687 at *2 (S.D.N.Y. Mar. 8, 2016). Thus, New York law applies here.

3833056

To establish personal jurisdiction over a defendant under New York law, the "plaintiff must 'demonstrate either that [the defendant] was present and doing business in New York within the meaning of [CPLR] § 301, or that [the defendant] committed acts within the scope of New York's long-arm statute, CPLR § 302.'" *Accurate Grading Quality Assurance, Inc. v. Khothari*, 2014 WL 507356, *6 (S.D.N.Y. Sept. 30, 2014) (citing *Schultz v. Safra Nat'l Bank of New York*, 377 F. App'x 101, 102 (2d Cir. 2010)). Next, the Court will determine whether the exercise of jurisdiction under New York's rules is "consistent with the requirements of Due Process." *Erickson Prods.,* 2013 WL 1163346, *3. The due process analysis consists of "two components: the 'minimum contacts' test and the 'reasonableness' inquiry." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002).

Less than two years ago, this Court dismissed another suit against BH Media Group for lack of personal jurisdiction. *See Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597 (S.D.N.Y. 2016) (Oetken, J.). In *Pablo Star,* the plaintiff filed a copyright infringement claim against the Richmond Times Dispatch, which, like The Daily Progress, is also wholly-owned by BH Media Group. The same facts that supported dismissal of the suit against BH Media Group in *Pablo Star* justify the same result in this case.

A. **The Court Lacks General Jurisdiction Over BH Media.**

Under New York law, "a foreign corporation is subject to general personal jurisdiction in New York if it is 'doing business' in the state." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000) (citation omitted). "A corporation is 'doing business' in New York when it conducts business in the state 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Pablo Star*, 170 F. Supp. 3d at 605 (quoting *Wiwa*, 226 F.3d at 95). Other than in an "exceptional case", a defendant corporation is only subject to general jurisdiction in its place of incorporation and where it has its principal place of business. *Daimler*

*AG v. Bauman*, 134 S. Ct. 746, 761 n.19 (2014); *see also BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558-59 (2017). The inquiry then "is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" *Id.* at 796 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). The Second Circuit applied *Daimler* in holding that the existence of a New York office did not constitute an "exceptional case" when a defendant's contacts were not "so continuous and systematic as to render it essentially at home in the forum." *Gucci America, Inc. v. Li*, 768 F.3d 122, 135 (2d Cir. 2014) (quoting *Daimler*, 134 S. Ct. at 761); *see also Decesare v. McClatchy Co.*, Order at 6, No. 13-cv-4429 (E.D. Pa. Apr. 8, 2014) (attached as Ex. 1).

The Complaint contains no allegation which, if true, would support a finding that this Court has general jurisdiction over BH Media. Plaintiff does not allege that BH Media "is headquartered or incorporated in New York, nor has it alleged facts sufficient to show that [BH Media] is otherwise 'at home' in New York." *Cont'l Indus. Group v. Equate Petrochemical Co.*, 586 Fed. Appx. 768, 769-70 (2d Cir. 2014). Indeed, BH Media is not incorporated in New York nor does it have its principal place of business in New York. Polodna Decl. ¶ 3. BH Media is a Delaware corporation with its principal place of business in Omaha, Nebraska. *Id.* The Website identified by Plaintiff, www.dailyprogress.com, refers to The Daily Progress, a newspaper in Charlottesville, Virginia owned by BH Media with circulation in the Commonwealth of Virginia. *Id.* ¶¶ 4-5; Jiranek Decl. ¶¶ 3-5. Similar facts in *Pablo Star* supported dismissal of suit against Richmond Times Dispatch, another BH Media Group affiliate. *Pablo Star*, 170 F. Supp. 3d at 606 ("The Complaint does not allege that any of the Publisher Defendants [which includes

- 5 -

Richmond Times Dispatch] are incorporated in, or have a principal place of business in, New York.").

Nor can Plaintiff establish that this is an "exceptional case" justifying exercise of jurisdiction over the BH Media. BH Media does not maintain an office in New York, does not solicit business targeting New York consumers, does not maintain any bank accounts in New York, does not own, use or possess any real property in New York, and does not have employees or agents in New York. Polodna Decl. ¶ 6[1]; *see Pablo Star*, 170 F. Supp. 3d at 606 ("Nor have Plaintiffs alleged [that defendants have] contact with New York so substantial that this is the 'exceptional case' in which a corporation is 'essentially at home' in a foreign forum."). Further, it is "now well-settled that the operation of a website accessible to New Yorkers . . . does not subject the website operator to general jurisdiction under § 301." *Philpot v. Kos Media LLC*, 2017 WL 2270248, *7 (S.D.N.Y. April 21, 2017), report and recommendation adopted, 2017 WL 2269531 (S.D.N.Y. May 23, 2017). Accordingly, the Court lacks general jurisdiction over BH Media.

### B.     The Court Lacks Specific Jurisdiction Over BH Media.

Courts may exercise specific jurisdiction over a non-domiciliary who satisfies any of the following acts enumerated by New York long-arm statute, CPLR § 302(a):

> [A] court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who . . . 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or 2. commits a tortious act within the state . . . ; or 3. commits a tortious act without the state causing injury to person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the

---

[1] Similarly, The Daily Progress does not maintain an office in New York, does not solicit business targeting New York consumers, does not maintain any bank accounts in New York, does not own, use or possess any real property in New York, and does not have employees or agents in New York. Jiranek Decl. ¶ 6.

state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or 4. owns, uses or possesses any real property situated within the state.

Plaintiff does not, and cannot, demonstrate specific jurisdiction over BH Media under § 302(a).

### 1. The Court Lacks Specific Jurisdiction Under CPLR § 302(a)(1).

To establish personal jurisdiction under § 302(a)(1), the plaintiff must demonstrate that "(1) defendant purposefully availed himself of the privilege of doing business in the forum state such that the defendant could foresee being brought into court there; and (2) plaintiff's claim arises out of or is related to the defendant's contacts with the forum state." *Aqua Prods. Inc. v. Smartpool, Inc.*, 2005 WL 1994013, *5 (S.D.N.Y. Aug. 18, 2005) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)); *see also Philpot*, 2017 WL 2270248, at *8-9. "[I]t is now well established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit." *Erickson Prods., Inc. v. Atherton Trust*, 2013 WL 1163346, *3 (S.D.N.Y. March 23, 2013) (internal citations omitted). "When analyzing whether a defendant's internet activity rises to the level of purposeful activity sufficient to satisfy § 302(a)(1), courts apply a 'sliding scale' test based on the level of a website's interactivity." *Id*. (internal citations omitted). "A website that merely passively provides information that is accessed by individuals in New York is not grounds for the exercise of personal jurisdiction." *Id*. (internal citations omitted); *see also Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000) ("[A passive website] has been analogized to an advertisement in a nationally-available magazine or newspaper, and does not without more justify the exercise of jurisdiction over a defendant.").

Plaintiff failed to allege that BH Media "transacted business" in New York sufficient to support the exercise of personal jurisdiction. The Complaint alleges that BH Media operates a

- 7 -

website, which is "a news source providing information about current events, politics, sports, and weather updates." Complaint ¶ 27. The Complaint further alleges that the website "allows the user to browse news commentaries, information and videos." *Id*. ¶ 29. Consistent with Plaintiff's allegations, this website, which merely provides information, is a "passive" website and the allegations are "insufficient to demonstrate that the website operator has purposefully availed itself of the privilege of conducting activities within New York."[2] Plaintiff alleges no commercial activity associated with this website that forms the basis for its claims, which is based on the alleged failure to include closed captioning with videos. This website does not demonstrate that BH Media transacted business in New York, much less that there is a substantial nexus between Plaintiff's claim and these alleged contacts.[3]

---

[2] *Zibiz Corp. v. FCN Tech. Solutions*, 777 F. Supp. 2d 408, 423 (E.D.N.Y. 2011); *Philpot*, 2017 WL 2270248, at *9 ("Here, the sole copyright violation described in the original Complaint occurred when defendant allegedly posted plaintiff's Nelson photograph on the Dailykos Facebook page without proper attribution. Plaintiff makes no claim that the infringing action (that is, the copying and uploading of the image) took place in New York, involved any of defendant's New York-based personnel, or otherwise arose out of any of its activities in New York. Indeed, although Philpot makes various factual allegations concerning the Dailykos Website, he says almost nothing about the Dailykos Facebook Page – except that Kos Media operates it … – and he offers no facts that would tie it, or its content, to New York. As to plaintiff's claims concerning the Nelson photograph, therefore, he has not made a prima facie showing of specific jurisdiction over defendant Kos Media.") (footnote and citations omitted); *Aqua Prods. Inc*., 2005 WL 1994013, *5 ("Passive websites which primarily make information available to viewers, but do not permit an exchange of information, fail to justify the exercise of specific jurisdiction over a non-domiciliary."); *Citigroup Inc.*, 97 F. Supp. 2d at 565 (holding that passive websites which merely make information available to view have "been analogies to an advertisement in a nationally-available magazine or newspaper, and [do] not without more justify the exercise of jurisdiction over defendant.").

[3] In *Philpot*, plaintiff did not assert that defendant committed the alleged wrongful act by copying or uploading copyrighted images in New York, nor that its New York-based personnel took part in the alleged misconduct. He alleged that "defendant unlawfully published them on a globally-accessible website which is viewable by New Yorkers (among others), enables New Yorkers (among others) to purchase unrelated items such as clothing, and had a New York IP address." The Court held "[t]hat is not enough" to invoke specific personal jurisdiction. 2017 WL 2270248, at *10.

Not only does BH Media maintain a passive website that strictly makes information available to viewers, but the website has extremely few New York subscribers. The Daily Progress website only has eight (8) digital subscribers from New York. Jiranek Decl. ¶¶ 5, 7. Plaintiff's bare-bones allegations directed to BH Media's internet activity falls woefully short of demonstrating that it transacted business in New York, and thus fail to establish personal jurisdiction under § 302(a)(1). *See Pablo Star*, 170 F. Supp. 3d at 608 (holding that "a copyright owner that neither resides in New York nor has its principal place of business in New York may not assert that New York is the situs of injury in an online copyright infringement case where, as here, the basis for locating the injury in New York is simply that New Yorkers can access the infringing content online."). Plaintiff cannot rely on § 302(a)(1) for personal jurisdiction.

        **2.**      **The Court Lacks Specific Jurisdiction Under CPLR § 302(a)(2).**

Under § 302(a)(2), courts have jurisdiction over a defendant who "commits a tortious act within the state." This basis for jurisdiction over BH Media is equally unavailing. "In general, to obtain jurisdiction under this section, the defendant must be physically present within New York while committing the tort." *Knight-McConnell v. Cummins*, 2005 WL 1398590, at *3 (S.D.N.Y. June 13, 2005). Here, Plaintiff alleges that the tortious acts BH Media committed in New York were the failure to provide closed captioning for videos displayed on its website. *See* Complaint ¶¶ 45, 65, 81, 92. The Daily Progress website was created and is maintained in Virginia. Jiranek Decl. ¶ 5; Polodna Decl. ¶ 5. The only alleged tortious activities committed by BH Media consist of online postings, with no evidence that any of the postings occurred within New York. Accordingly, Plaintiff has not, and cannot, demonstrate that BH Media has committed a tort within the state for purposes of § 302(a)(2).

### 3.     The Court Lacks Specific Jurisdiction Under CPLR § 302(a)(3).

While the Complaint alleges injury to Plaintiff within the state of New York, the Court lacks jurisdiction over BH Media under both § 302(a)(3)(i) and (ii). First, BH Media does not regularly do or solicit business, or engage "in any other p-ersistent course of conduct" in New York. The Complaint does not allege any New York act by BH Media sufficient to find that it did or solicited business in the state. "That individuals in New York can continuously access – and, in a limited way, interact with – Defendant's website is insufficient to establish § 302(a)(3)(i) jurisdiction." *DH Servs.,* 2014 WL 496875, *12. Nor does BH Media derive "substantial revenue" from New York-based individuals and entities. In fact, The Daily Progress only has a small number of web subscribers located in New York – eight. Jiranek Decl. ¶ 5, 7. The amount of revenue BH Media receives from such sales is *de minimis*. *Id*. ¶ 7.[4] Thus, personal jurisdiction over BH Media under § 302(a)(3)(i) is not appropriate.

Plaintiff further cannot demonstrate that BH Media expected or should have reasonably expected its actions to have consequences in the state, such that it would be subject to jurisdiction under § 302(a)(3)(ii). "New York courts require 'tangible manifestations of a defendant's intent to target New York, or . . . concrete facts known to the nondomiciliary that should have alerted it to the possibility of being brought before a court in the Southern District of New York.'" *DH Servs.,* 2014 WL 496875, *13 (quoting *Royalty Network Inc. v. Dishant.com LLC*, 638 F. Supp. 2d 410, 424 (S.D.N.Y. 2009)). The Complaint contains no allegations that BH Media made purposeful efforts to target the New York market. The website Plaintiff refers to is the online presence of The Daily Progress, a Charlottesville, Virginia newspaper which markets itself as "Charlottesville's daily newspaper." Jiranek Decl. ¶ 4. The Daily Progress has only eight

---

[4] The eight web subscribers pay $4.95 per month, for a total revenue of $475.20 per year. Jiranek Decl. ¶ 7.

digital subscribers from New York. *Id.* ¶¶ 5, 7. The publishing of videos on this Virginia newspaper website cannot sustain personal jurisdiction against BH Media, a Delaware company resident in Nebraska, which could not have expected consequences in New York.

### 4. The Court Lacks Specific Jurisdiction Under CPLR § 302(a)(4).

Neither BH Media nor The Daily Progress owns, uses, or possesses any real property in New York. Polodna Decl. ¶ 6; Jiranek Decl. ¶ 6. Plaintiff does not allege otherwise. The allegations in the Complaint do not relate to real property. Specific jurisdiction over BH Media does not exist under § 302(a)(4).

## II. VENUE IS IMPROPER.

The Complaint fails to allege facts to support venue in this judicial district. Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). BH Media is incorporated in Delaware with its principal place of business in Omaha, Nebraska. Polodna Decl. ¶ 3; Jiranek Decl. ¶ 3. It does not reside in New York. A substantial part of the events giving rise the claim did not occur in New York because the website identified by Plaintiff was neither created nor is operated in New York. Polodna Decl. ¶ 5; Jiranek Decl. ¶ 5. Finally, as discussed above, personal jurisdiction is lacking in New York, mandating that the claims against BH Media be dismissed for lack of proper venue.

- 11 -

## CONCLUSION

      For the foregoing reasons, the Complaint should be dismissed.

| | |
|---|---|
| Dated: December 20, 2017 | Respectfully submitted, |
| | /s/ Richard J. Oparil |
| Of Counsel: | Richard J. Oparil (RO9269) |
| | PORZIO, BROMBERG & NEWMAN P.C. |
| Kevin M. Bell | 1200 New Hampshire Ave. NW |
| Caroline C. Maxwell | Washington, DC 20036 |
| PORZIO, BROMBERG & NEWMAN P.C. | (202) 517-1888 |
| 1200 New Hampshire Ave. NW | (202) 517-6322 (fax) |
| Washington, DC 20036 | |
| (202) 517-1888 | Attorneys for Defendant |
| (202) 517-6322 (fax) | BH Media Group, Inc. |

3833056